UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
BRITTANY A. BEST, Individually; ASHLEY L. BEST,
Individually; and DEBORAH MEYER, as Parent and Natural
Guardian of CB, a minor,

                                                                 Plaintiffs,

    -v.-                                                           No. 10-CV-234
                                                                      (GLS/DRH)

HON. PAUL CZAJKA, Individually and in his official capacity
as Judge of the Family Court of Columbia County; DAVID W.
HARRISON, Individually and as Sheriff of Columbia County;
JOHN DOE, Individually and as employee of Columbia
County Sheriff's Department; JANE DOE, Individually and
as employee of Columbia County Sheriff's Department; PAUL
MOSSMAN, Individually and as Commissioner of Columbia
County Department of Social Services; and JANE DOE,
Individually and as employee of Columbia County Department
of Social Services,

                                                                Defendants.
--------------------------------------------------------------------------

**APPEARANCES:**

BRITTANY A. BEST
Plaintiff Pro Se
512 South Wilburn Avenue
Sayre, Pennsylvania 18840

ASHLEY L. BEST
Plaintiff Pro Se
512 South Wilburn Avenue
Sayre, Pennsylvania 18840

DEBORAH MEYER
Plaintiff Pro Se
512 South Wilburn Avenue
Sayre, Pennsylvania 18840

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION and ORDER

Presently pending are the an applications of the three plaintiffs to proceed in

forma pauperis on a civil rights complaint. Dkt. Nos. 1, 2. Plaintiffs have not paid any

fee relating to this action. Plaintiffs, then ages seventeen, fifteen, and six,[1] allege that on March 1, 2007, they were forcibly taken from their residence in Towanda, Pennsylvania to be placed in foster care in Columbia County, New York and that the two older plaintiffs were placed in handcuffs throughout the four-hour trip. Compl. (Docket No. 1) at 2-4. Named as defendants are a judge who allegedly ordered the restraints, the Columbia County Sheriff and Commissioner of the department of Social Services, and three as yet unnamed defendants. Id.  Plaintiffs seek recovery of damages under 42 U.S.C. § 1983 for the alleged deprivation of their constitutional rights. Id. at 4-5.

## I. Defendant Judge Paul Czajka

One of the named defendants in the complaint is Columbia County Judge Paul Czajka.  Plaintiffs allege that Judge Czajka directed the other defendants to maintain the two older plaintiffs in handcuffs and shackles for their return to Columbia County. Compl. at 3. For the reasons stated below, the claims against Judge Czajka should be dismissed from plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. Rule 5.4(a).

Section 1915(e), as amended, directs that the Court:

(2)   [S]hall dismiss the case at any time if the court determines that -

\*\*\*

(B) the action ... (I) is frivolous or malicious; (ii) fails to state a claim on

---

[1] It appears that the two older plaintiffs are no longer minors and that the complaint on behalf of the youngest plaintiff is brought on her behalf by her mother and natural guardian.

>    which relief may be granted; or (iii) seeks monetary relief against a
>    defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Judges enjoy *absolute immunity* from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting Pierson v. Ray, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotation marks omitted).  The fact that, as alleged here, Judge Czajka's order was issued outside a courtroom does not remove that action from the scope of the immunity.  See, e.g., Barrett v. Harrington, 130 F.3d 246, 260 (5th Cir. 1997) ("the applicability of judicial immunity is not limited to acts which occur within the confines of the courtroom . . . .").  The act alleged against judge Czajka by plaintiffs fell well within the authority and duties of a judicial officer.  Accordingly, plaintiffs' claims against Judge Czajka should be dismissed on this ground.

## II. Conclusion

WHEREFORE, it is hereby

**RECOMMENDED** that the claims against Judge Paul Czajka be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. 5.4(a);  and it is further

**ORDERED**, that plaintiffs' in forma pauperis applications are **GRANTED**.[2]  The

---

[2] Plaintiffs should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

Clerk shall issue summonses and forward them, along with a copy of the complaint, to the United States Marshal for service upon the remaining named defendants; and it is further

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED**, that **any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.** Plaintiffs must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with N.D.N.Y.L.R. 7.1 in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Plaintiffs ARE also required to promptly notify the Clerk's Office and all parties or their counsel of any change in their address; failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all plaintiffs by regular mail.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE**

**TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**
Dated: April 12, 2010

*David R. Homer*
United States Magistrate Judge